RECEIVED
IN ALEXANDRIA, LA
JUN 10 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEWING HICKERSON (D.O.C. #414602) | DOCKET NO. 09-CV-404; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN LYNN COOPER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Dewing Hickerson, filed on March 12, 2009. Hickerson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff complains of a "slip and fall" accident and seeks damages for failure to protect and a denial of medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that, on Sunday July 20, 2008, while exiting the shower, Plaintiff slipped and fell in a puddle of water on the floor. Plaintiff complains that this had been a hazard for months and that security had been informed of the problem. Plaintiff claims that he hit his head, which rendered him unconscious. Plaintiff was taken to the infirmary where he was informed that

there was no doctor available. Plaintiff was sent back to his dormitory, where he suffered headaches and vomiting.

On Monday July 21, 2008, Plaintiff was examined by the doctor, who simply stated, "I see nothing wrong." [Doc. #4, p.4] The doctor prescribed Acetaminophen for headaches. Plaintiff states that "[i]t is well established that when head injury occurs there should be done at least an x-ray to determine the severity of the injury." [Doc. #4, p.4]

Plaintiff alleges that he received inadequate medical care, which placed him at severe risk of permanent injury. He alleges that the doctor failed to properly diagnose his injury, which has caused Plaintiff to suffer headaches, dizziness, vomiting, and "fading in and out of focus." At the time of filing suit, Plaintiff continued to suffer headaches and blurred vision.

According to Plaintiff's exhibits, he filed a Request for Administrative Remedy on July 22, 2008. The First Step Response indicates that, on July 20, 2008, Plaintiff was seen by the nursing staff for an emergency medical situation. On July 21, 2008, Plaintiff was seen by the doctor who ordered x-rays and medication for pain. On July 28, 2008, Plaintiff made another sick call for which he was examined on August 4, 2008. The doctor discussed the x-ray report with Plaintiff and referred him to a neurology clinic. The response also states that proper warning signs and supplies are provided to keep the shower areas clean. [Doc. #1, p.15] Plaintiff

objected to the response stating that the doctor did not properly address his head injury, and he never received a CT scan. Plaintiff also wrote that there is always water on the floor on the weekends because the cleaning materials are picked up. [Doc. #1, p.15]

**LAW AND ANALYSIS**

I. **SLIP AND FALL**

A "slip and fall" negligence claim is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding the water on the floor raise nothing more than a negligence claim. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th

Cir. 1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."); <u>Benton v. Grant</u>, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); <u>McLaughlin v. Farries</u>, 122 Fed.Appx. 692 (5th Cir. 2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under §1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

Moreover, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. **Deliberate indifference requires the subjective intent to cause harm.** <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Plaintiff has not alleged that Warden Lynn Cooper acted with deliberate indifference. Additionally, while Plaintiff argues that there were no notices or warning signs regarding the floor, he also states that he knew of the wet floor prior to the accident. His claim should be dismissed.

## II. MEDICAL CARE

Plaintiff complains that he was denied proper medical care by Dr. Ajnar. To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). In Estelle, the Court held that prison officials inflict cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm,**" and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), quoting Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard

for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff has not presented allegations of deliberate indifference. He believes that Dr. Ajnar did not treat him properly because he did not order a CT scan. Dr. Ajnar apparently ordered an x-ray, prescribed acetaminophen, and referred Plaintiff to a neurology clinic. What Plaintiff has alleged is a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff has not alleged that Dr. Ajnar refused to treat him, intentionally treated him incorrectly, or otherwise acted with wanton disregard for Plaintiff's health. Even "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citations omitted). Plaintiff's disagreement with the course of his medical treatment does not state a claim for which relief can be granted.

## CONCLUSION

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful

purpose. Accepting all of Plaintiff's allegations as true, and giving him the benefit of every doubt,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE